## Klinger Adoption

*Robert M. Frey,* for petitioner.

JACOBS, J., January 30, 1956.—On October 7, 1955, a petition was presented to this court asking to adopt Dagmar Marion Klinger. Petitioner is a soldier in the United States Army, now residing in Asbury Park, New Jersey. Prior to joining the army, he lived all of his life in West Fairview, Cumberland County. On March 13, 1954, petitioner married a German subject, who now lives with petitioner in Asbury Park, New Jersey. Petitioner's wife is the mother of Dagmar Marion Klinger, the person proposed to be adopted. Dagmar was born out of wedlock, and the whereabouts of her father is unknown to your petitioner. Dagmar has never come to the United States and is still living in Germany. Counsel has informed the court that petitioner cannot bring Dagmar to the United States for a hearing.

This court, on its own motion, on October 7, 1955, issued a rule upon petitioner to show cause why the petition should not be dismissed for want of jurisdic-

tion. Petitioner filed an answer stating in effect that he was domiciled in West Fairview, Pennsylvania, but was living temporarily in Asbury Park, New Jersey. Petitioner also alleged that Dagmar is in the custody and control of his wife, despite the fact that she is still in Germany.

Able briefs were submitted by counsel for petitioner and the rule argued before the court en banc on January 10, 1956.

Section 1 of the Adoption Act of April 4, 1925, P. L. 127, as amended, 1 PS §1(d), provides that: "It shall be lawful for any adult person desirous of adopting any person . . . to present his or her petition to the court of the county where he or she may be a resident. . .". In our opinion, the word "resident" or "residence" has a double meaning, hence a double requirement exists. In order that the court may have jurisdiction of the subject matter, it is necessary that petitioner be domiciled in Pennsylvania. See A. L. I. Restatement of the Law, Conflict of Laws, §142. The other requirement of "residence" is actual temporary living or residing in Cumberland County. Such personal presence is necessary in order that the petition may be presented in Cumberland County. This phase of residence is missing in the instant case, and we believe that the requirements of the statute have not been complied with unless petitioner is actually living in Cumberland County. Compare Findlay Adoption, 62 D. & C. 451, for a discussion of the problem.

The court has another reason for being unwilling to proceed further with this adoption and to fix a time for a hearing. Section 3 of the aforesaid Adoption Act states that the person proposed to be adopted shall be present at the hearing, "if in the opinion of the court such persons' presence is deemed necessary." The child proposed to be adopted, who is now over six

years of age, is living in Germany and has never seen the United States. We have no way of ascertaining for certain what her situation is in Germany. She may be very happily situated there and not be interested in making a change. She may be living with relatives of whom she is fond. We have not seen the child, will have no opportunity to see her and will have no opportunity to talk with her. In this case, the court deems the presence of the person proposed to be adopted necessary at the hearing.

### Decree

And now, January 30, 1956, the adoption petition is hereby dismissed for the reasons above set forth. An exception is noted for petitioner. This order shall not bar petitioner from presenting a petition at a later date should the facts of the case warrant.